IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL D. HARNESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-462-D |
| ) | |
| TWG TRANSPORTATION, INC.; ) | |
| KEVIN R. SAXTON; and ) | |
| CAROLINA CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendant Carolina Casualty Insurance Company (CCIC) moves to dismiss all claims made against it in Plaintiff Paul D. Harness's complaint for failure to state a claim upon which relief may be granted [Doc. No. 2]. Plaintiff has filed his response in opposition [Doc. No. 8] and CCIC has replied [Doc. No. 9]. The matter is fully briefed and at issue.

**Background**

This action stems from a motor vehicle accident which took place on March 7, 2016, in Oklahoma City, Oklahoma. Compl. [Doc. No. 2-4] ¶ 17. On that day, a truck-trailer operated by Defendant Kevin R. Saxton within the course of his employment with Defendant TWG Transportation, Inc. (TWG) collided with Plaintiff's vehicle. *Id.* ¶¶ 18, 23. Plaintiff alleges that Defendant Saxton negligently caused the accident and, by extension, Plaintiff's injuries resulting from the accident. *Id.* Additionally, Plaintiff states a claim against TWG for direct negligence, negligence *per se*, negligent entrustment, and negligent hiring, training, screening, and supervision

of Defendant Saxton. *Id.* ¶¶ 27, 28. Finally, Plaintiff named CCIC a defendant due to its status as TWG's liability insurance carrier. *Id.* ¶ 40.

Plaintiff alleges that under the Oklahoma Motor Carrier Act of 1995 (MCA), Okla. Stat. tit. 47, § 230.21 *et seq.*, he may bring a direct action against CCIC for his injuries and damages. The MCA makes it unlawful for any motor carrier to operate or furnish service within Oklahoma without first having obtained a license from the Oklahoma Corporation Commission (OCC). *Id.* § 230.28. Additionally, prior to granting a license, a carrier must have an approved insurance policy or bond. *Id.* § 230.30. CCIC contends that since TWG never registered its insurance policy with the OCC, § 230.30 cannot be triggered here and CCIC cannot have an action brought directly against it.

**Standard of Decision**

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The pleading must have sufficient factual matter that, when accepted as true, states "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim to relief is plausible on its face when the plaintiff pleads facts that allow the court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, a pleading does not need detailed factual allegations, but must be more than a formulaic recitation of the elements of a cause of action or mere labels and conclusions. *Twombly*, 550 U.S. at 555. Courts must accept all well-pleaded allegations of the complaint, and must construe them in the light most favorable to the non-moving party. *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014). Consideration of a Rule 12(b)(6)

motion is limited to the complaint alone. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

## Discussion

As a general rule, in Oklahoma a plaintiff may not bring a direct action against a defendant's insurer. *Daigle v. Hamilton*, 782 P.2d 1379, 1381 (Okla. 1989). An exception to this rule is that an injured party may sue a motor carrier and its liability insurer when certain statutorily identified conditions are satisfied, or, as relevant here, "under a statute requiring the carrier to file a liability insurance policy or bond with the Oklahoma Corporation Commission." *Id.* (citing *Enders v. Longmire*, 67 P.2d 12, 14 (Okla. 1937)). In *Daigle*, the Oklahoma Supreme Court established the rule that a plaintiff could maintain a joint, direct action against the carrier and the insurer by virtue of the carrier's obligation to maintain insurance under § 230.30. *See Simpson v. Litt*, No. CIV-17-339-R, 2017 WL 2271484, at *3 (W.D. Okla. May 23, 2017) (quoting *Daigle*, 782 P.2d at 1381).

However, in *Fierro v. Lincoln General Insurance Co.*, 217 P.3d 158 (Okla. Civ. App. 2009), the Oklahoma Court of Civil Appeals carved out an exception to this rule and found that the MCA does not permit a direct action against an interstate motor carrier's liability insurer when the insurer is properly registered in its home state. *Id.* at 160-61 (quoting *Daigle*, 782 P.2d at 1380). The court observed that the reasons for prohibiting a direct action against a defendant's insurer "besides statutory directive, include policy, prohibition by judicial decision, lack of privity between the injured plaintiff and the insurer, misjoinder of the tort action and the action on the contract, and the enforcement of the 'no action' clause in the policy." *Id.* (quoting *Daigle*, 782 P.2d at 1380). Post-*Fierro*, cases in the Western District of Oklahoma have held that insurance companies for interstate carriers who have not filed proof of insurance in Oklahoma may not be

named as joint defendants. *See, e.g., Hankla v. Lee*, No. CIV-17-641-D, 2018 WL 563181 (W.D. Okla., Jan. 25, 2018)*; White v. Lewis*, No. CIV-13-862-C, 2014 WL 7272464 (W.D. Okla., Dec. 18, 2014)*; Beebe v. Flores*, No. CIV-11-1381-HE, 2012 WL 137780 (W.D. Okla., Jan. 28, 2012). A direct action against an insurer may be proper "if the Oklahoma Corporation Commission has issued [its insured] a motor carrier license." *See Simpson*, 2017 WL 2271484, at *3.

Here, Plaintiff makes the bare assertion that "pursuant to § 230.30 and Oklahoma law, CCIC is a properly named party and a direct and joined action can be maintained against said insurance company for the injuries and damages suffered by Plaintiff Harness." Compl. ¶ 40. However, Plaintiff states no facts sufficient to make CCIC a defendant under § 230.30, namely that TWG registered its insurance with the OCC. This situation is identical to *Hankla*, where the plaintiffs merely pled that the motor carrier's liability insurer was a proper defendant solely due to the MCA. *Hankla*, 2018 WL 563181, at *2. This Court held in *Hankla* that, per *Fierro*, insurance companies for interstate carriers who have not filed proof of insurance with the OCC may not be named as joint defendants per the MCA. *Id.* Thus, here too CCIC may not be named a joint defendant because Plaintiff does not allege that TWG registered its insurance with the OCC.

Plaintiff claims in his response that because Oklahoma participates in Unified Carrier Registration, a direct action may be brought against CCIC under § 230.30 if TWG is registered under Unified Carrier Registration.[1] Pl.'s Resp. Br. at 7. Plaintiff asserts that this allows a motor carrier to register annually with only one state and that such single-state registration satisfies the

---

[1] The Unified Carrier Registration System evolved from, replaced, and serves effectively the same purpose as the now-defunct Single State Registration System. *See* 49 U.S.C. § 13908(a). The systems' goal was to allow a trucking company to fill out one set of forms in one state (the base state), and by doing so to register its federal permit in every participating state through which its trucks will travel. *Mid-Con Freight Sys., Inc. v. Mich. Pub. Serv. Comm'n*, 545 U.S. 440, 443 (2005).

4

registration requirements in all participating states. *Id.* (citing *Mid-Con Freight Sys., Inc.*, 545 U.S. at 443). Thus, Plaintiff contends, if TWG is so registered then it is effectively registered with the OCC and a direct action may be brought against CCIC under § 230.30. *Id.*

The District Court for the Eastern District of Oklahoma, however, rejected this contention in *Mason v. Dunn*, No. CIV–14–282–KEW, 2016 WL 1178058 (E.D. Okla., Mar. 23, 2016). *Mason* held that out-of-state registration does not satisfy the requirement that the motor carrier's liability policy be filed with the OCC before the insurer may be subject to direct action. *Id.* at *2-3. *See also Simpson*, 2017 WL 2271484, at *3 (because interstate carriers do not need to register in Oklahoma and § 230.30 applies only to motor carriers required to obtain a license from the OCC, interstate carriers who have registered proof of insurance in their home state pursuant to Unified Carrier Registration are not subject to § 230.30). The Court agrees with the decisions in *Mason* and *Simpson.* Even if TWG is registered under Unified Carrier Registration, CCIC still may not be named as a defendant because TWG is not subject to § 230.30 and did not file its insurance policy with the OCC.

Finally, Plaintiff claims in his response that failure to treat Unified Carrier Registration by TWG Transportation as registration with the OCC would "result in disparate treatment of Oklahoma citizens injured within the state of Oklahoma when compared to an Oklahoma registered motor carrier." Pl.'s Resp. Br. at 7. This treatment, Plaintiff claims, is a violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and Section 44 of Article IX of the Oklahoma Constitution, which requires domestic and foreign corporations to be treated the same in Oklahoma. *Id.* This is not accurate, however, as both Oklahoma and non-Oklahoma carriers receive the same treatment, in that both are required to maintain insurance and register it in their respective home states.

Further, contrary to Plaintiff's claims, Oklahoma citizens have substantively the same remedy whether they are injured by in-state or out-of-state carriers. Intrastate carriers are required to register with the OCC and thus, under *Daigle* and § 230.30, direct actions may be brought against their insurers for damages. As to interstate carriers, § 230.30 allows plaintiffs to maintain an action "on the policy or bond" after judgment is entered against the motor carrier, and at that time the insurer may be a proper party to the action to the extent of the coverage of the policy. *See* Okla. Stat. tit. 47, § 230.30(a); *Enders*, 67 P.2d at 15. Although they cannot bring a direct action against an insurer initially in light of *Fierro*, plaintiffs may nonetheless recover the same damages from the carrier's insurance policy after they win a judgment against a carrier, or they may bring direct action against the insurer if the insurer does not pay pursuant to the carrier's policy after judgment. *Fierro*, 217 P.3d at 160. The only differences are procedural; therefore, bringing an action against the insurer after winning judgment rather than in an initial direct action against the insurer does not deprive Oklahomans their full substantive remedy in any way, as they are still able to secure their full recovery.

Based on the foregoing, the Court finds that CCIC's Motion to Dismiss should be granted. Where dismissal is granted for failure to state a claim, the Court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect." *Triplett v. LeFlore Cty.*, 712 F.2d 444, 446 (10th Cir. 1983). Leave to amend is not automatic and may be properly denied where an amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2004). Although amendment may indeed be futile here, the Court is unwilling to state that, at this stage of the proceedings, Plaintiff is unable to state a claim upon which relief may be granted. Accordingly, dismissal is without prejudice to Plaintiff's right to file an amended complaint.

## Conclusion

Defendant's Motion to Dismiss [Doc. No. 2] is GRANTED. Plaintiff's action against CCIC is dismissed without prejudice to Plaintiff's right to amend his complaint. Plaintiff may file any amended complaint within twenty (20) days of this Order.

IT IS SO ORDERED this 5th day of July, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE